# GROUP EXHIBIT A

E-FILED  2020 NOV 24 4:44 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| NANCY HEISLER,<br><br>     Plaintiff,<br><br>vs.<br><br>THE EMPLOYMENT LAW GROUP<br>P.C., R. SCOTT OSWALD, ESQ., and<br>KELLEE B. KRUSE, ESQ.<br><br>     Defendants. | Case No. _____<br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:

You are notified that a Petition has been filed in the office of the Clerk of this Court naming you as a Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiff are Kevin J. Visser and Michael J. Neuerburg whose address is Simmons Perrine Moyer Bergman PLC, 115 Third Street SE, Suite 1200, Cedar Rapids, Iowa 52401-1266. The attorneys' phone number is 319-366-7641; facsimile number 319-366-1917.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of District Court for Polk County. This case has been filed in a county that uses electronic filing. You must register to e-file through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service and notices from the court.

For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16 pertaining to the use of the electronic document management system, available on the Iowa Judicial Branch website. For court rules on the protection of personal privacy in court filings, refer to Division VI of the Iowa Court Rules chapter 16. If you are unable to proceed electronically, you must receive permission from the court to file in paper. Contact the clerk of court in the county where the petition was filed for more information on being excused from electronic filing. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

PLEASE NOTE: If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942). Disability coordinators cannot provide legal advice.

**IMPORTANT**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE**
**TO PROTECT YOUR INTERESTS.**

E-FILED  2020 NOV 30 1:32 PM POLK - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACL149242

*County* Polk

*Case Title* NANCY HEISLER VS THE EMPLOYMENT LAW GROUP ET AL

THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**  .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  11/30/2020 01:32:30 PM



*District Clerk of* Polk                    *County*

/s/ Jennifer Ewers

E-FILED   2020 NOV 24 4:44 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| NANCY HEISLER,<br><br>      Plaintiff,<br><br>vs.<br><br>THE EMPLOYMENT LAW GROUP P.C., R. SCOTT OSWALD, ESQ., and KELLEE B. KRUSE, ESQ.<br><br>      Defendants. | Case No. _____<br><br><br>**PETITION AT LAW AND<br>JURY DEMAND** |

COMES NOW the Plaintiff, Nancy Heisler, and for her cause of action against Defendants, states and alleges as follows:

## PARTIES

1.     Plaintiff Nancy Heisler ("Ms. Heisler") is an individual residing in Granger, Dallas County, Iowa.

2.     Defendant The Employment Law Group, P.C. ("TELG") is a professional corporation composed of attorneys, organized under the laws of Washington, D.C., and with its principal place of business in Washington, D.C.

3.     Defendant R. Scott Oswald, Esq. ("Oswald") is an individual attorney licensed to practice law who, on information and belief, resides in Washington, D.C. Oswald is a member of TELG and was at all times an agent, representative, and/or employee of TELG.

4.     Defendant Kellee B. Kruse, Esq. ("Kruse") is an individual who, on information and belief, resides in Washington, D.C. Kruse is a member of TELG and was at all times an agent, representative, and/or employee of TELG.

1

## JURISDICTION AND VENUE

5.      The amount in controversy herein exceeds the jurisdictional maximum for small claims court.

6.      Venue is proper because a substantial part of the acts or omissions giving rise to the claim occurred in Polk County, Iowa.

## FACTUAL BACKGROUND

7.      In 2014, Nancy Heisler retained TELG, including Oswald and Kruse (collectively "Defendants"), as her attorneys to represent her in employment discrimination claims against her employer, Nationwide Mutual Insurance Company ("Nationwide).

8.      Ms. Heisler was a CPA and has worked for Nationwide, either directly or through its subsidiary companies, since 1985.

9.      Beginning in 2011, Nationwide engaged in a series of adverse employment actions against Ms. Heisler, including changing her position title, pay and responsibilities, and rejecting her applications for numerous other positions at Nationwide.

10.     Defendants initially represented Ms. Heisler in a limited scope in order to evaluate her potential employment law claims against Nationwide.  Defendants charged Ms. Heisler for this work at their hourly rate.

11.     On or about November 12, 2014, Defendants provided an opinion letter to Ms. Heisler evaluating her claims and concluding that she had "viable claims" under the Equal Pay Act, Title VII of the Civil Rights Act, the Iowa Civil Rights Act, and the Age Discrimination in Employment Act.

12.     Defendants offered to represent Ms. Heisler on her claims against Nationwide on an hourly basis and on November 13, 2014, Ms. Heisler agreed to the representation.

2

13.     Defendants did not inform Ms. Heisler that employment law representation in and about the State of Iowa was customarily undertaken on a fully or partially contingent-fee basis.

14.     Defendants did not inform Ms. Heisler that they were not sufficiently confident in her claims to undertake the representation on a fully or partially contingent-fee basis.

15.     Defendants informed Ms. Heisler that she could recover her attorneys' fees if successful, but did not inform her that Defendants' Washington, D.C. rates might exceed what could be recovered under Iowa lodestar rates.

16.     Defendants' failure to properly inform Ms. Heisler of these matters represented a breach of the standard of care for attorneys and a breach of their duties to Ms. Heisler.

17.     Ms. Heisler would have chosen to be represented on a fully or partially contingent-fee basis had she understood this was an option.

18.     Ms. Heisler would not have proceeded with her claims if she understood that her attorneys were not sufficiently confident in her claims to undertake the representation except on an hourly basis.

19.     Throughout their representation of Ms. Heisler, Defendants professed to be knowledgeable and experienced employment lawyers; in particular, Defendants represented that they had or would acquire knowledge and expertise in relevant Iowa and Eighth Circuit law and could provide competent representation to Ms. Heisler in Iowa.

20.     Defendants worked with Ms. Heisler to file a complaint against Nationwide with the Iowa Civil Rights Commission ("ICRC") on her Title VII, ADEA, and ICRA

3

E-FILED  2020 NOV 24 4:44 PM POLK - CLERK OF DISTRICT COURT

claims.

21.    Defendants did not file Ms. Heisler's charge with the ICRC until June 2015, approximately eight months after they began their representation. This delay breached the standard of care and resulted in the waiver of Ms. Heisler's claims for Nationwide's adverse actions prior to August 11, 2014.

22.    Defendants did not file Ms. Heisler's EPA claim until October 8, 2015. This delay breached the standard of care and resulted in a waiver of Ms. Heisler's disparate pay claims prior to October 8, 2013.

23.    Before the ICRC made a determination, Defendants requested and received "Right-to-Sue" letters from the ICRC and the EEOC.

24.    Defendants filed Ms. Heisler's lawsuit against Nationwide on October 8, 2015 in the United States District Court for the Southern District of Iowa, Central Division, Case Number 4:15-cv-355 (the "Lawsuit").

25.    The Lawsuit alleged federal and state employment law claims against Nationwide based on sex discrimination, age discrimination, equal pay violations, and retaliation.

26.    Ms. Heisler's claims against Nationwide in the Lawsuit were viable and meritorious.

27.    Defendants' litigation strategy for Ms. Heisler's claims was to maintain a broad range of claims involving the numerous positions at Nationwide that Ms. Heisler had applied for but been denied, as well as instances of retaliation and equal pay violations.

28.    Defendants did not discuss with Ms. Heisler the benefits and drawbacks of their wide-ranging litigation strategy versus a more focused approach.

E-FILED  2020 NOV 24 4:44 PM POLK - CLERK OF DISTRICT COURT

29.     On April 10, 2017, Nationwide filed a Motion for Summary Judgment contending that it was entitled to judgment as a matter of law on all of Ms. Heisler's claims in the Lawsuit.

30.     Nationwide contended that it had stated legitimate, non-discriminatory reasons for its employment decisions related to Ms. Heisler and that Ms. Heisler was unable to establish the element of pretext under the *McDonnell Douglas* burden-shifting analysis.

31.     Specifically, Nationwide contended that the persons it chose to hire instead of Ms. Heisler were better qualified and/or had performed better in the hiring process.

32.     Nationwide's Memorandum of Law in Support of its Motion for Summary Judgment extensively discussed Eighth Circuit law on the issue of establishing the element of pretext via a comparison of Heisler's qualifications against the qualifications of the persons hired.  The leading case, *Torgerson v. City of Rochester*, 643 F.3d 1031, 1047 (8th Cir. 2011), recites that pretext is not inferred simply because the plaintiff was qualified for the job, but can be inferred from a showing that the plaintiff was markedly *better* qualified than the person hired.

33.     Defendants and Ms. Heisler had evidence that for many positions at issue Ms. Heisler was significantly better qualified than the persons ultimately hired by Nationwide. This evidence included the job opening and job description documents for the positions, the resumes of the persons hired, and Ms. Heisler's resume and her description of her experience and qualifications.

34.     This evidence on comparative qualifications showed that, on multiple occasions, Nationwide chose to hire persons who did not even meet the listed minimum requirements for the positions rather than Ms. Heisler who met all the requirements listed

on the job description.

35.     The evidence further showed that Nationwide repeatedly chose to hire persons who had few if any of the preferred qualifications rather than Ms. Heisler who met significantly more of the preferred qualification standards.

36.     Despite being on notice that Eighth Circuit law required a showing of Ms. Heisler's superior qualifications in order to establish the element of pretext and having evidence in their possession which showed just that, Defendants failed to properly raise or develop this argument in resisting Nationwide's Motion for Summary Judgment.

37.     Defendants' Brief in Resistance to Nationwide's Motion for Summary Judgment neither cited *Torgerson* nor attempted to meet the legal standard set forth in *Torgerson* and its progeny.  Defendants repeatedly argued that summary judgment was inappropriate because Ms. Heisler was qualified for the positions and because Nationwide relied on subjective criteria for its decisions.  Yet the Eighth Circuit had previously held that neither equal qualifications to the person hired nor the employer's use of subjective considerations give rise to an inference of discrimination sufficient to withstand summary judgment.  *Torgerson*, 643 F.3d at 1049.

38.     Defendants failed to provide the court with the required showing that Ms. Heisler's qualifications were so superior as to permit a jury to infer discrimination even though this evidence was in Defendants' possession.

39.     Defendants likewise failed to provide the court with the required showing of pay data and comparator information to establish Ms. Heisler's EPA claim even though this evidence was in Defendants' possession.  The court concluded that this represented a waiver of the claim.

E-FILED  2020 NOV 24 4:44 PM POLK - CLERK OF DISTRICT COURT

40.     Defendants' failures fell into three main categories.  First, Defendants had evidence to support Ms. Heisler's case which they failed to place in the summary judgment record.  This included evidence of pay data and evidence of comparators in support of Ms. Heisler's Equal Pay Act claim and evidence regarding Ms. Heisler's relative qualifications in support of her Title VII and ADEA claims.

41.     Second, where relevant evidence was in the summary judgment record, Defendants repeatedly failed to discuss that evidence or direct the court to it.  This was a problem for the court since the summary judgment record totaled more than 1600 pages, more than 1,000 of which were placed in the record by Defendants for Ms. Heisler.  As the magistrate judge noted, "The Court is not obligated to wade ploddingly through the entire record in search of some possible fact that might support the nonmoving party's claim." Dkt. 96, Report and Recommendation, pp. 17-18.  In particular, while Defendants placed some evidence of Ms. Heisler's superior qualifications in the record in the form of job descriptions and resumes, in most cases Defendants neither directed the court to this evidence nor properly argued its relevance.

42.     Third, on claims where evidence needed to survive summary judgment was both in the summary judgment record and cited in Defendants' briefing, Defendants abandoned Ms. Heisler's claims without consulting Ms. Heisler.  With regard to job posting #25206 for a position as Senior Consultant, Staff Administration, Defendants provided a strong summary of the evidence showing Ms. Heisler's much-superior qualifications for this position, complete with record cites.  This summary was in paragraph 225 of Ms. Heisler's response to Nationwide's Statement of Facts.  Yet Defendants failed to discuss this position in the brief itself, and at oral argument Defendants abandoned Ms. Heisler's claim with

7

E-FILED  2020 NOV 24 4:44 PM POLK - CLERK OF DISTRICT COURT

regard to this position.

43.     At oral argument on the Motion for Summary Judgment, Defendants abandoned Ms. Heisler's claims as to various positions she had applied for, including position #25206.  Defendants did so without informing or consulting Ms. Heisler.

44.     Since Defendants did not have her attend oral argument, Ms. Heisler did not learn that her claims had been abandoned until she reviewed Magistrate Judge Adams' Report and Recommendation.

45.     After Ms. Heisler learned that Defendants had abandoned many of her claims, she questioned Defendants about why this had been done.  She provided Defendants with a written note marked to that portion of the Report and Recommendation, asking Defendants "Is this true?  I disagree with not including many of the positions that seem to be excluded."  Defendants did not respond to this query or provide her with any explanation for its decision to abandon many of her claims.

46.     Because of Defendants' failures, Magistrate Judge Adams concluded that Ms. Heisler had not raised a genuine issue of material fact on any of her claims and recommended that Nationwide's Motion for Summary Judgment be granted in full.

47.     Defendants attempted to cure their failures by filing objections to the Report and Recommendations and by filing a Motion for Leave seeking to supplement the summary judgment record with additional evidence.

48.     District Judge Rose denied the motion for leave to summary judgment concluding that Defendants should have anticipated that the additional evidence would be needed and had no valid excuse for not placing the evidence in the summary judgment record at the outset.

49.     On March 1, 2018, District Judge Rose adopted the Report and

Recommendations in full.  In doing so, Judge Rose repeatedly pointed out the deficiencies

in Defendants' filings: "Heisler also raises objections based on facts not in the record before

Judge Adams, makes factual assertions without providing any citation to the record, or

provides citations to the record that do not support her assertions." Dkt. 116, p. 33.  Similar

comments can be found at pp. 32, 45, and 46 of Judge Rose's order.

50.     For their work through Judge Rose's order, Defendants charged Ms. Heisler

$357,810.70.

51.     Defendants told Ms. Heisler that they felt an appeal to the Eighth Circuit had

a good chance of success.  They estimated the cost of an appeal at $30,000.  Ms. Heisler

agreed that they should proceed with an appeal.

52.     Defendants' appeal for Ms. Heisler raised largely the same arguments as in

their objections to the Report and Recommendations, with no more success.  The Eighth

Circuit affirmed the summary judgment ruling in full.  In doing so, it made the following

comments regarding Defendants' work for Ms. Heisler:

> Heisler might have been more qualified than the candidates hired for the three
> positions in October 2014, but we lack sufficient information in this record to reach
> that conclusion.  Her repeated uncited references in her briefs to her experience only
> confirm the record lacks the needed evidence.
> . . .
> Heisler argues the district court erred in not granting her motion to supplement the
> record. . . . Her realization after reading the magistrate judge's recommendation that
> she had failed to introduce all of the evidence she needed to survive summary
> judgment is not a particularly persuasive ground for convincing a district court to
> accept new evidence.

*Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 798-99 (8th Cir. 2019).

53.     Defendants attempted to charge Ms. Heisler $87,147.30, close to three times

their estimate, for their work on the appeal.  Defendants did not respond to Ms. Heisler's

E-FILED  2020 NOV 24 4:44 PM POLK - CLERK OF DISTRICT COURT

questions as to why they were charging so much more than their estimate.  Ultimately, Ms. Heisler paid Defendants $60,084.72 for the appeal and Defendants did not pursue the difference.

54.     Defendants were paid $417,895.42 by Ms. Heisler for litigating her case, even though it never went to trial.

55.     Defendants' failures in litigating Ms. Heisler's case, including their failure to timely file her administrative charge, their failure to place necessary evidence in the summary judgment record, their failure to properly cite to and brief that evidence, and their abandoning many of Ms. Heisler's claims without consulting her, represented a breach of the standard of care for attorney conduct and a breach of their duties to Ms. Heisler.

56.     But for Defendants' failures, Ms. Heisler would have prevailed on at least some portion of her case.

## COUNT I – LEGAL MALPRACTICE/PROFESSIONAL NEGLIGENCE

57.     Ms. Heisler restates and realleges Paragraph Nos. 1-56 as though set forth fully herein.

58.     An attorney-client relationship existed between Ms. Heisler and Defendants at all relevant times.

59.     Pursuant to that attorney-client relationship, Defendants had a duty to inform Ms. Heisler regarding their evaluation of the strength of her case, reasonable and customary fees for litigating that type of case, and her ability to recover fees if successful.  Defendants further had a duty of care to Ms. Heisler to exercise the skill and knowledge ordinarily possessed by attorneys under similar circumstances and to exercise a reasonable degree of care, skill, and dispatch in carrying out the business for which they were employed.

E-FILED  2020 NOV 24 4:44 PM POLK - CLERK OF DISTRICT COURT

60.     Defendants breached their duties to Ms. Heisler causing her damages.

61.     As a result of Defendants' breach of their duty of care, Ms. Heisler has been damaged in the fees she paid to Defendants and the loss of her claims against Nationwide.

## COUNT II – BREACH OF FIDUCIARY DUTY

62.     Ms. Heisler restates and realleges Paragraph Nos. 1-61 as though set forth fully herein.

63.     An attorney-client relationship existed between Ms. Heisler and Defendants at all relevant times.

64.     Pursuant to that attorney-client relationship, Defendants had fiduciary duties to Ms. Heisler to treat her with the utmost candor, straightforwardness, care, loyalty, and good faith.  Specifically, Defendants had a fiduciary duty to inform Ms. Heisler regarding their evaluation of the strength of her case, reasonable and customary fees for litigating that type of case, and her ability to recover fees if successful.  Defendants further had fiduciary duties to use reasonable care, skill, and dispatch in litigating her case and to obtain Ms. Heisler's informed consent for important decisions regarding her case, including the decision to waive or abandon any of her claims.

65.     Defendants breached their fiduciary duties to Ms. Heisler causing her damages.

66.     As a result of Defendants' breach of their fiduciary duties, Ms. Heisler has been damaged in the fees she paid to Defendants and the loss of her claims against Nationwide.

WHEREFORE, Plaintiff Nancy Heisler respectfully requests that this Court enter judgment in her favor against Defendants jointly and severally, plus an award of costs,

11

E-FILED  2020 NOV 24 4:44 PM POLK - CLERK OF DISTRICT COURT

interest, and such other relief that this Honorable Court deems necessary and just.

## JURY DEMAND

Plaintiff Nancy Heisler demands a jury trial on all issues so triable.


Respectfully submitted,

SIMMONS PERRINE MOYER BERGMAN PLC


By:  /s/ Kevin J. Visser
Kevin J. Visser #AT0008101
Michael J. Neuerburg #AT0013660
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Telephone:  (319) 366-7641
Facsimile:  (319) 366-1917
E-mail:  kvisser@spmblaw.com
            mneuerburg@spmblaw.com

ATTORNEYS FOR PLAINTIFF