IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| NANCY HEISLER,<br><br>  Plaintiff,<br><br>vs.<br><br>THE EMPLOYMENT LAW GROUP P.C., R. SCOTT OSWALD, ESQ., and KELLEE B. KRUSE, ESQ,<br><br>  Defendants. | Case No. 4:21-cv-00049-SMR-HCA<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

Plaintiff Nancy Heisler ("Heisler"), by and through undersigned counsel and pursuant to Federal Rule Civil Procedure 37(d), and this Court's Order of March 24, 2022 [Dkt. 45], hereby submits her brief in support of her Motion for an award of attorneys' fees. In support thereof, Plaintiff states as follows:

**I.  BACKGROUND**

On January 4, 2022, Plaintiff served her Second Set of Interrogatories on Defendants. *See* Dkt. 39-2. Defendants' responses were due February 3, 2022. On request from Defendants' counsel, Heisler agreed to extend the time for Defendants' responses to February 18, 2022.  In agreeing to the extension, the undersigned noted that February 18 needed to be a firm deadline. Defendants did not provide responses on February 18 and over the following weeks did not respond to Plaintiff's repeated efforts to confer. Heisler was forced to file her Second Motion to Compel on March 8, 2022. *See* Dkt. 39. Defendants provided their answers to Heisler's Second Set of Interrogatories on March 22, 2022, just minutes before they filed a letter brief in response to Heisler's Second Motion to Compel. *See* Dkt. 44; *see also* Defendants'

Responses to Second Set of Interrogatories, attached hereto as Exhibit A. Defendants' repeated failures to confer or respond to communications from Plaintiff, and the timing of Defendants' answers on the deadline for their resistance, show that Plaintiff's Motion was necessary to compel Defendants' Responses. Both Defendants' Responses and their letter brief included objections to Heisler's Second Set of Interrogatories on the basis that the interrogatories are overly broad and vague. Defendants' objections were untimely and no good cause was asserted to excuse the untimeliness.

On September 2, 2021, Plaintiff served her First Set of Request for Production of Document on Defendants. *See* Dkt. 39-3. Defendants did not provide timely responses or objections. On October 18, 2021, Defendants represented to the Court that responses would be provided by October 28, 2021. *See* Dkt. 22, ¶ 5. On November 9, 2021, Heisler moved for an additional status conference to address the still-missing discovery. The conference was held on November 12, 2021. *See* Dkt. 27. The Court granted Heisler's oral motion to compel responses. *See* Dkt. 28. On November 19, 2021, Defendants provided their responses to Heisler's First Set of Request for Production of Documents. *See* Dkt. 39-4. Request for Production No. 1 sought Defendants' entire file relating to Heisler and her underlying lawsuit. *See* Exhibit B, Dkt. 39-3. Defendants produced the file, but failed to produce transcripts of the Rule 30(b)(6) depositions of Heisler's former employer or the transcript of Heisler's second deposition. Defendants also failed to provide the deposition videos. Heisler moved to compel the deposition transcripts and videos in her Second Motion to Compel on March 8, 2022. *See* Dkt. 39. In resisting Heisler's Second Motion to Compel, Defendants did not address their failure to provide the deposition transcripts and videos. *See* Dkt. 44. Defendants provided none of the materials sought until *after* the Court's Order, again indicating that Plaintiff's

Motion was necessary to compel Defendants' compliance with their discovery obligations. On March 25, 2022, Defendants provided some additional deposition materials. *See* Email dated March 25, 2022, attached hereto as Exhibit B. However, at the time of filing this motion, Defendants have still not provided transcripts of the Rule 30(b)(6) depositions of Heisler's former employer or the transcript of Heisler's second deposition. *Id.* Plaintiff expects that Defendants will comply with the Court's Order (Dkt. 45) and produce the remaining materials.

      Following Defendants' Resistance (Dkt. 44) and non-responsive answers to Plaintiff's Second Set of Interrogatories, Plaintiff began work on a Reply in Support of her Second Motion to Compel. This Reply was drafted and circulated for review and comment prior to the Court entering its Order Granting Plaintiff's Second Motion to Compel. *See* Dkt. 45. Following entry of that order, Plaintiff suspended work on the Reply and engaged in further efforts to confer with Defendants pursuant to that Order. In addition to granting Heisler's Second Motion to Compel, the Court invited Heisler to file a Motion for Attorney Fees and Costs associated with the motion. *Id.* Following a status conference on March 29, 2022, the Court ordered Defendants to provide supplemental responses to Heisler's Second Set of Interrogatories by April 8, 2022. *See* Dkt. 48.

      The undersigned made a good faith effort to resolve Defendants' failure to respond without court intervention by discussing the matters set forth in Heisler's Second Motion to Compel with Defendants' counsel on multiple occasions both in written correspondence and by telephone conference. *See* Declaration in Second Motion to Compel, Dkt. 39-5. The fact that no responses were filed until the deadline for Defendants' Resistance, and that Plaintiff's conferral efforts received no response until after the entry of the Court's Order granting the

3

Motion, indicates that the Motion was necessary to compel Defendants' compliance with their discovery obligations.

## II. ARGUMENT

Rule 37(d) permits the Court to order sanctions if a party fails to answer interrogatories or respond to request for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). The sanctions include requiring the party failing to respond to pay the reasonable expenses and attorney's fees unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). The noncompliant party bears the burden of establishing that the failure to comply was justified or that an award would be unjust. *KCI Auto Auction, Inc. v. Anderson*, No. 5:17-CV-06086-NKL, 2018 WL 5839689, at *2 (W.D. Mo. Nov. 7, 2018) (*citing First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 331 (8th Cir. 1990)).

In their response to Heisler's Second Motion to Compel, Defendants make no attempt to explain the reason for their failure to timely respond. *See* Dkt. 44. Defendants simply state that they have now responded to Heisler's Second Set of Interrogatories. *Id.* at p. 1. Defendants go on to provide their position on why they believe the interrogatories were objectionable. Defendants did not timely assert these objections and they have therefore been waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Defendants have made no attempt to establish good cause for their failure to timely object (*see* Dkt. 44) and their failure to timely assert objections should not be excused in this instance. Defendants previously submitted untimely objections after being ordered to provide discovery responses and Plaintiff was forced to file an additional motion to compel to obtain Defendants' complete responses. *See* Dkt. 27, 28, 36. Defendants did not respond to Heisler's Second Set of Interrogatories until

4

two weeks after Heisler moved to compel and have still not fully complied with Heisler's Request for Production No. 1, which was served nearly seven months ago. Defendants did not even address this portion of Plaintiff's Motion in their Resistance. Defendants have shown a practice of late and insufficient responses and should not be permitted to circumvent the rules by continually providing late responses and asserting untimely objections. Moreover, Defendants' failure to timely respond cannot be excused on the basis that they believed the interrogatories to be objectionable because they did not seek a protective order from the Court in relation to the interrogatories. *See* Fed. R. Civ. P. 37(d)(2) ("A failure [to respond to discovery] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).").

A district court enjoys wide discretion to fashion a remedy or sanction appropriate for the circumstances. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In so doing, the court may consider the reason for the noncompliance, the prejudice to the opposing party, and the importance of the information. *Id.* Defendants provided no reason for their failure to timely respond. *See* Dkt. 44.

It is undisputed that Defendants failed to timely provide responses to Heisler's Second Set of Interrogatories and failed to provide complete response to Heisler's Request for Production No. 1. Defendants have failed to show and cannot show that their failure was substantially justified. For these reasons, Heisler seeks an award of her expenses, including attorneys' fees, for time related to her Second Motion to Compel under Fed. R. Civ. P. 37(d)(1)(a)(ii). *See Exum v. Portfolio Recovery Assocs., LLC*, No. C11-0075, 2012 WL 899583, at *3 (N.D. Iowa Mar. 15, 2012)(awarding expenses and finding failure to timely respond to discovery was not substantially justified where parties agreed to extension, plaintiff failed to

5

respond after being given extension and only explanation was that counsel had experienced difficulty in making contact with plaintiff). Heisler submits contemporaneously herewith a declaration in support of attorneys' fees.

### III. CONCLUSION

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that this Court:

A. Enter an order awarding to Plaintiff the attorneys' fees incurred in pursuit of Plaintiff's Second Motion to Compel and for this Motion; and

B. Grant such other and further relief as is necessary and just.

Respectfully submitted,

Dated: March 31, 2022

SIMMONS PERRINE MOYER BERGMAN PLC

BY:    /s/ Michael J. Neuerburg
Kevin J. Visser, AT0008101
Michael J. Neuerburg, AT0013660
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Tel: 319-366-7641; Fax: 319-366-1917
kvisser@spmblaw.com
mneuerburg@spmblaw.com

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

The undersigned certifies that on March 31, 2022, the foregoing was filed using the CM/ECF system, which will send notification of said filing to all attorneys and parties of record.

   /s/ Michael J. Neuerburg